**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUNIOR R.,** | **Civil Action No. 18-12054 (JMV)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **JEFFERSON SESSIONS, et al.,** | |
| **Respondents.** | |

**VAZQUEZ**, **District Judge**.

Presently before the Court is the amended petition for a writ of habeas corpus of Petitioner, Junior R., filed pursuant to 28 U.S.C. § 2241. (ECF No. 15). Following an order to answer, the Government filed responses to the amended petition (ECF Nos. 19, 24), to which Petitioner has replied. (ECF No. 22, 25). For the following reasons, this Court will deny Petitioner's amended habeas petition without prejudice.

### I. BACKGROUND

Petitioner is a native and citizen of Honduras who illegally entered the United States in 2004. (Document 1 attached to ECF No. 19 at 2). During his time in America, Petitioner became a member of MS-13, a point he admitted to police during following his arrest on rape charges. (*See* Document 4 attached to ECF No. 19 at 2). In August 2015, Petitioner was convicted of third degree rape in New York, for which he received a sentence of ten years' probation. (Document 3 attached to ECF No. 19). Based on this conviction, which immigration officials determined was an aggravated felony, Petitioner was taken into immigration custody and was served with a notice of intent to issue an administratively final order of removal pursuant to 8 U.S.C. § 1228(b) on

April 21, 2017.  (Document 6 attached to ECF No. 19 at 1-3).  Petitioner signed that notice, and checked boxes which indicated that he had received and read the notice, admitted the charge of removability, and did not wish to contest the removal order or request withholding of removal or any other form of relief from removal.  (*Id.*).  Because Petitioner did not contest the expedited removal order, Petitioner received an administratively final removal order that day.  (*Id.*; Document 9 attached to ECF No. 19).

After the administratively final order was issued, Petitioner, through newly acquired counsel, requested on May 1, 2017, that he be given a reasonable fear interview so that he could seek withholding of removal or relief under the Convention Against Torture.  (Document 10 attached to ECF No. 19).  Petitioner was thereafter interviewed by an asylum officer and was determined to have a partially credible reasonable fear of torture.  (Document 11 attached to ECF No. 19).  Based on this initial finding, Petitioner was referred to an immigration judge for withholding only proceedings as he was already subject to a final administrative order of removal. (Document 12 attached to ECF No. 19).

Following numerous hearings during the summer, fall, and winter of 2017, the immigration judge denied Petitioner's requests for relief from or withholding of removal via an oral decision issued on January 17, 2018.  (Document 13 attached to ECF No. 19 at 2).  Petitioner appealed, and on April 24, 2018, the Board of Immigration Appeals (BIA) remanded the matter to the immigration judge so that missing portions of the administrative record could be transcribed for review.  (*Id.*).  Although the immigration judge had some transcription done and recertified the record, the BIA once again remanded the matter for the correction of further deficiencies in the record of Petitioner's hearings before the immigration judge in February 2019.  (*Id.* at 4).  In May 2019, the parties agreed that the record had finally been perfected, and Petitioner's withholding

only appeal once again returned to the BIA. (*See* ECF No. 24 at 2). That appeal apparently remains pending at this time.

Because Petitioner was engaged in litigating his withholding only proceeding and was otherwise subject to an administratively final order of removal, the Government determined that, pursuant to the Third Circuit's September 2018 decision in *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 215 (3d Cir. 2018), Petitioner was now detained pursuant to 8 U.S.C. § 1231(a), which governs detention following an administratively final order of removal, rather than 8 U.S.C. 1226(c), which governs pre-final removal order detention for those convicted of certain felonies, and was entitled to a bond hearing under *Guerrero-Sanchez*. (*See* ECF No. 10). Petitioner ultimately received this bond hearing on December 14, 2018. (Document 1 attached to ECF No. 15). On that date, an immigration judge granted Petitioner release on $15,000 bond. (*Id.*). The Government appealed, and as part of that appeal, filed a form which put into place an automatic stay of the bond order pursuant to 8 C.F.R. § 1003.19(i)(2). (*Id.*). The Government also filed a motion requesting a stay from the BIA, which the BIA granted on December 21, 2018. (Document 2 attached to ECF No. 15). Because the BIA granted a stay, the Government withdrew its invocation of the automatic stay provision of 8 C.F.R. 1003.19 on December 26, 2018. (Document 24 attached to ECF No. 19 at 1-5).

On May 24, 2019, the BIA reversed and vacated the immigration judge's order granting Petitioner release on bond. (Document 1 attached to ECF No. 24). In that decision, the BIA applied the standard required by *Guerrero-Sanchez* and determined that the Government had

> established by the requisite clear and convincing evidence that [Petitioner] poses a danger to the United States and should remain detained at no bond. [Petitioner's] felony rape conviction is very serious and itself indicative of dangerous behavior, as it is a crime that violates the physical integrity of another person. We disagree [with the immigration judge] that convictions for past criminal

conduct should not be considered to be significant evidence bearing on future dangerousness. Moreover, given that [Petitioner] has been detained in custody of the [Government] since April 2017, the Immigration Judge's finding that he has had no run-ins with the law since his conviction cannot significantly support a conclusion that he poses no danger, since he has not been at liberty for much of that period of time.

(*Id.* at 4). The BIA also noted in its decision that Petitioner was a member of the MS-13 gang, which was known to be a "violent street gang." (*Id.* at 3). Based on these facts and its review of the record of Petitioner's bond hearing, the BIA concluded that "the record reflects clear and convincing evidence that [Petitioner] poses a danger to the United States," and that he should "therefore be detained in the custody" of the Government without bond. (*Id.* at 4-5).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his amended habeas petition, Petitioner presents essentially two claims: (1) that the staying of his *Guerrero-Sanchez* bond order violated Due Process either because the automatic

stay provision of the applicable regulations is unconstitutional or because the Board's granting of a stay thereafter violated Due Process insomuch as the Board did not sufficiently explain its granting of a stay, and (2) that he should in any event receive a new bond hearing before this Court because his ongoing immigration detention has become overlong and the BIA did not fully take into account the length of this detention. In making these claims, Petitioner suggests that he should be evaluated as if he were detained pursuant to 8 U.S.C. § 1226(c). As the Third Circuit explained in *Guerrero-Sanchez*, however, § 1226 only applies while there is a "decision pending before an immigration judge as to whether the alien is to be removed," and is inapplicable to aliens who are already subject to an administratively final removal order but who continue to seek relief in withholding only proceedings because such proceedings only impact "to where an alien may be removed" and will in no way alter that the alien is subject to a final order of removal. 905 F.3d at 215-219. Although Petitioner's administratively final order of removal arises out of a different statutory provision from that discussed in *Guerrero-Sanchez*, the distinction is immaterial – like an alien with a reinstated removal order, Petitioner is subject to an administratively final removal order and is in withholding only proceedings. Such proceedings do not affect his removability but only provide relief preventing his removal to certain specific countries. He is therefore detained pursuant o 8 U.S.C. § 1231(a), *id.*, and this Court must evaluate his claims in that context.

Turning to Petitioner's first claim, the automatic stay of Petitioner's bond hearing was withdrawn in December 2018, more than two months before Petitioner filed his claim challenging the application of the stay. Likewise, because the BIA has now decided the appeal of the bond order and has ordered Petitioner detained, he is no longer subject to the stay granted by the BIA which he argues was constitutionally deficient. Federal courts "may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Where a favorable judicial decision will not redress the alleged injury, there is no longer a live case or controversy, and the claim based on that injury is moot and must be dismissed as such. *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012); *see also Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 151 (3d Cir. 1993). Here, the automatic stay had ended before Petitioner raise his claim. And the BIA's decision ultimately ended the applicability of either of the stays entered. As a result, the Court can provide no effective remedy in habeas corpus for either of the alleged injuries. Petitioner's stay-related claims are thus moot and therefore dismissed.[1]

Turning to Petitioner's second claim, Petitioner argues that his detention has become prolonged, and that he is therefore entitled to a bond hearing, which he believes should be heard by this Court. In *Guerrero-Sanchez*, the Third Circuit held that aliens such as Petitioner, who are subject to a final order of removal and are thus detained pursuant to 8 U.S.C. § 1231(a), but are still pursuing relief through withholding only proceedings who "fac[es] prolonged detention," with the Third Circuit clarified to mean detention beyond six months, is "entitled to a bond hearing

---

[1] Even if the Court had jurisdiction to review the claims, Petitioner's argument on these issues is suspect. Petitioner relies on two cases to support his claim that the automatic stay provision violates Due Process and that the BIA acted improperly in granting a stay, *Ashley v. Ridge*, 288 F. Supp. 2d 662 (D.N.J. 2003), and *Zavala v. Ridge*, 310 F. Supp. 2d 1071 (N.D. Cal. 2004). Even were these cases binding authority, neither would provide Petitioner the relief he seeks. In both cases, the applicable district court found the automatic stay was unconstitutionally applied to the petitioner, but in so doing found that the appropriate relief was to vacate the stay but provide the Government a limited stay – thirty days or one week – during which to file a formal motion for an emergency stay with the BIA. *Ashley*, 288 F. Supp. 2d at 674 (30 days); *Zavala*, 310 F. Supp. 2d at 1079-80 (one week). Thus, in both cases, the Court found it appropriate to provide a brief stay during which a stay was to be sought from the BIA, a procedure the Government essentially followed in this matter when it entered an automatic stay, filed a motion within a week, and was granted a stay within a week of filing its papers. Rather than suggest impropriety, these cases suggest that the Government's actions in this matter comported with the courts' preferred procedure and suggest that the Government's acquisition of a stay from the BIA adequately addressed any harm from the automatic stay.

before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Guerrero-Sanchez*, 905 F.3d at 224-26. The Government "must meet its burden in such bond hearings by clear and convincing evidence." *Id.* at 224 n. 12. To comport with Due Process in an immigration bond proceeding, the administrative court must provide "factfinding based on a record produced before the decisionmaker and disclosed to [the petitioner,] [the petitioner] must be allowed to make argument son his or her own behalf[,] and [the petitioner] has the right to an individualized determination of his . . . interests." *Quinteros v. Warden Pike Cnty. Corr. Facility*, --- F. App'x ----, ---, 2019 WL 4072064, at *3 (3d Cir. Aug. 29, 2019) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

In this matter, Petitioner received the very relief to which he would be entitled under *Guerrero-Sanchez* and which he now requests – a bond hearing before the immigration courts. That hearing, and the appeal therefrom were heard based on a record developed before the immigration judge at an adversarial hearing, and Petitioner was permitted to make arguments on his own behalf both before the immigration judge and before the BIA. Following these proceedings, the BIA vacated the granting of bond and ordered Petitioner held without bond based on a finding that the Government had proven by clear and convincing evidence that Petitioner was a danger to the community based on his rape conviction and membership in MS-13, which the Board found to be a violent street gang. The record thus establishes that Petitioner received the relief to which he now suggests he is entitled – a bond hearing – and that the BIA provided him with all of the process which was due, including the application of the proper standard of relief under *Guerrero-Sanchez*. As Petitioner received all that he was entitled to receive under the Due Process Clause and *Guerrero-Sanchez*, this Court has no basis for providing him a second bond

hearing where, as in this matter, Petitioner received a *bona fide* hearing and appeal which comported with the requirements of Due Process. *See, e.g., Manuel H. v. Green*, No. , 2019 WL 2710676, at \*2 (D.N.J. June 28, 2019) (finding that where *Guerrero-Sanchez* hearing was not procedurally deficient, the court lacks jurisdiction to provide relief based on the petitioner's substantive disagreement with the immigration judge's decision as to bond); *see also* 8 U.S.C. § 1226(e) (ruling that no court may set aside an immigration judge's "discretionary judgment [in] any action or decision . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole"). Petitioner received the bond hearing he was due, and received all of the procedural protections the Due Process Clause and *Guerrero-Sanchez* required. His personal disagreement with the result of that proceeding does not form a basis for further relief before this Court. Petitioner's amended petition is therefore denied without prejudice.[2]

## III. CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 15) is DENIED WITHOUT PREJUDICE. An appropriate order follows.

s/ John Michael Vazquez<br>
Hon. John Michael Vazquez,<br>
United States District Judge

Date: 9/23/19

---

[2] In his filings, all of which were prepared by counsel, Petitioner has not argued that he is entitled to release under the Supreme Court's decision in *Zadvydas*. As Petitioner has not argued that issue before the Court, the Court does not review it. The denial of his current petition is without prejudice to Petitioner's filing of a subsequent habeas petition arguing his entitlement to relief under *Zadvydas*.